**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**WITTEN ROOFING L L C**             **CASE NO. 3:23-CV-01438**

**VERSUS**                            **JUDGE TERRY A. DOUGHTY**

**LIBERTY MUTUAL INSURANCE**          **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM ORDER**

Pending before the Court is a Motion for Summary Judgment [Doc. No. 11] filed by Defendant Liberty Personal Insurance Company ("Liberty"). An Opposition [Doc. No. 26] was filed by Plaintiff Witten Roofing, LLC ("Witten"). A Reply [Doc. No. 27] was filed by Liberty.

For the reasons set forth herein, Liberty's Motion for Summary Judgment is **GRANTED IN PART and DENIED IN PART.**

**I.    BACKGROUND**

Liberty issued a homeowner's policy[1] to Jack Bateman ("Bateman") insuring Bateman's home located at 508 Rochelle Avenue, Monroe, Louisiana. A hailstorm allegedly occurred on April 9, 2021. According to Bateman[2] he was not aware the hailstorm had damaged his roof until his roof began leaking in 2022. Bateman stated there was no visible damage to the roof. Bateman made a claim with Liberty on July 18, 2022. Additionally on the same day, July 18, 2022, Bateman assigned his claim against Liberty to Witten.[3] Suit was filed by Witten on July 31, 2023.[4]

The Liberty policy[5] provided the following language with regard to a time period to file suit:

---

[1] Policy Number HOF29134308775
[2] [Doc. No. 26-2, pp. 1-32, Affidavit of Jack Bateman]
[3] [Doc. No. 26-2, p. 4]
[4] [Doc. No. 1-1]
[5] [Doc. No. 1-3, p. 35]

SPECIAL PROVISIONS – LOUISIANA

**8. Suit Against Us**. No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of the loss.

The pertinent provisions of the assignment from Bateman to Witten stated:

ASSIGNMENT OF INSURANCE BENEFITS

FOR VALUABLE CONSIDERATION I/WE HEREBY ASSIGN AND TRANSFER ANY AND ALL RIGHTS, BENEFITS, AND CAUSES OF ACTION TO WITTEN ROOFING, LLC. In the event my insurance company is obligated to make payment to me/us or my/our assignee for damages covered under the applicable policy of insurance and the company fails or refuses to make timely, complete payment, I/WE authorize Witten Roofing, LLC to prosecute said cause of action either in my/our name or Witten Roofing, LLC name and I/WE further authorize Witten Roofing, LLC to compromise, settle, or otherwise resolve said cause of action as they see fit.[6]

Witten is making a claim for additional benefits for damage to the Bateman home under the policy and additionally for bad faith penalties, fees and damage under La. R.S. 22:1892 and La. R.S. 22:1973. Liberty maintains that all of the claims by Witten have prescribed and alternatively, that no claims for bad faith penalties, fees and damages were assigned by Bateman to Witten.

## II. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby,*

---

[6] [Doc. No. 26-2, p. 12]

*Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate."

3

*Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

**B.     Assignment of Bad Faith Claims**

Liberty argues that the claims for bad faith penalties, fees and damages were not assigned from Bateman to Witten because the assignment did not specifically include bad faith penalties. Further, because the assignment was signed the same day the claim was reported to Liberty, no such claims could have existed to assign. The Court agrees with Liberty.

The assignment of rights under penalty statutes must be expressly provided for in the act of assignment. *Disaster Relief Services of North Carolina, LLC v. Employers Mutual Cas. Ins. Co.*, 2009 WL 935963 (W.D. La. April 6, 2009); and *Franks v. Liberty Personal Insurance Company*, 2023 WL 2309819 (W.D. La., March 1, 2023). Because bad faith claims were not expressly assigned in the assignment, Witten cannot recover bad faith claims.

Additionally, the assignment was signed on July 18, 2022, which was the same day Liberty was notified of the claim. Therefore, no bad faith claims could have arisen at the time of assignment.

Liberty's Motion for Summary Judgment is **GRANTED** with regard to Witten's claim for bad faith penalties, fees and damages under R.S. 22:1892 and R.S. 22:2973.

**C.     Prescription**

Liberty's policy provides a prescriptive period of two years. Absent a statutory prohibition, a clause in an insurance policy fixing a reasonable time to institute suit is valid. *Wilson v. Louisiana Citizen's Property Ins. Corp.*, 375 So.3d 961 (La. 2024).

The hailstorm that allegedly caused the damage to Bateman's home occurred on April 9, 2021. Because the suit was not filed until July 31, 2023, the petition is prescribed on its face which shifts the burden to Witten to negate prescription by establishing a suspension or interruption. *Taranto v. Louisiana Citizens Property Ins. Corp.*, 62 So.3d 721 (La. 2011).

To overcome prescription, Witten submits the Affidavit of Bateman[7] which states that although the hailstorm occurred on April 9, 2021. Bateman was not aware the hailstorm had damaged his roof until sometime in 2022. Witten seeks to use the doctrine of *contra non valentem* to overcome prescription. This doctrine tolls prescription under any of four "exceptional circumstances." *Crane v. Childers,* 655 Fed.Appx.203, 205 (5th Cir. 2016). The exceptional circumstance applicable here is "where the cause of action is not known or reasonably knowable by the plaintiff," termed the "discovery rule." *In re Taxotere Product Liability Litigation*, 995 F.3d 384, 388 (5th Cir. 2021).

Under the "discovery rule" constructive knowledge requires more than a mere apprehensive something might be wrong. *Bruno v. Biomet, Inc.,* 74 F.4th 620, 623-24 (5th Cir. 2023). "When a plaintiff suspects something is wrong, he must seek out those whom he believes may be responsible for the specific injury." *Id.* at 24.  The duty to act requires an investigation of the inquiry and the discovery rule applies only when such ignorance is not willful and does not result from negligence. *Id.*

---

[7] [Doc. No. 26-2, pp. 1-3]

There are issues of fact which require further discovery because it is impossible to make a determination at this point whether Bateman had constructive knowledge. Therefore this portion of Liberty's Motion for Summary Judgment is **DENIED.**

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Motion for Summary Judgment [Doc. No. 11] filed by Liberty is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS ORDERED** that the Motion is **GRANTED** as to claims for bad faith penalties, fees, and damages pursuant to R.S. 22:1892 and R.S. 22:1973, and said claims are **DISMISSED WITH PREJUDICE.**

**IT IS ORDERED** that the Motion is **DENIED** as to all other claims.

MONROE, LOUISIANA, this 23rd day of February 2024.

_____
Terry A. Doughty
United States District Judge